### PEOPLE ex rel. RINGELMAN v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

MUNICIPAL CORPORATIONS (§ 185*)—REMOVAL OF POLICEMEN—PROCEEDINGS—REHEARING—FALSE RETURN—EVIDENCE.

Evidence *held* not to show that the return to a writ of certiorari to review proceedings dismissing relator as a patrolman was false, so that a motion to vacate an order requiring that he be reinstated, on the ground that the return was false, and for permission to amend the return, and for a reargument, will be denied.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 185.*]

Certiorari by the People, on relation of Herman L. Ringelman, against Theodore A. Bingham, as Police Commissioner of the City of New York. On motion to vacate an order commanding that relator be reinstated, and for permission to file an amended return to the writ, and for a reargument. Motion denied.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

George B. Nicholson, Asst. Corp. Counsel, for the motion.
Stephen C. Baldwin, opposed.

RICH, J. Upon the return of a writ of certiorari in this proceeding an order of the police commissioner dismissing the relator, a patrolman, from the police force of the city of New York, was re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

versed, upon the ground that there was no evidence upon which the decision could be sustained, and an order was duly entered commanding that the relator be reinstated. The respondent now moves to vacate this order, and to set it aside, to cancel his return herein, and to permit him to file a corrected and amended return to the writ of certiorari, and for a reargument, upon the ground that the original return was false and untrue.

The respondent himself does not appear to have any very definite information as to what the return ought to contain. The evidence of the only witnesses upon the part of respondent who claim to have any knowledge of the facts is unsatisfactory, and insufficient to predicate a finding that we have had a false and untrue return before us. The deputy commissioner, before whom the relator was tried, testified that as far as he is able to recall the testimony contained in the return is substantially the evidence that was adduced before him upon the trial. He also states that there was nothing in the evidence taken before him which would warrant the dismissal of the officer, the relator, and that he so informed the defendant. Furthermore, the police commissioner makes no affidavit stating that he ever read any evidence of any sort on which to base his action.

Under the circumstances, the motion must be denied, with $10 costs. All concur.